1  Richard M. Valdez, Bar No. 156957
   James G. Sandler, Bar No. 067407
2  **SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
   402 West Broadway, Suite 1700
3  San Diego, CA 92101-3542
   Telephone (619) 235-5655
4  Facsimile (619) 235-5648
   E-mail: rvaldez@sllbv.com
5  E-mail: jsandler@sllbv.com

6  Attorneys for Defendant
   H. THOMAS MORAN, II, Court-Appointed
7  Receiver of LYDIA CAPITAL, LLC

8

9              **IN THE UNITED STATES DISTRICT COURT**

10            **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

11  THE LINCOLN NATIONAL LIFE INSURANCE          Case No. 08-CV-0023-IEG-NLS
    COMPANY,
12                                               **ANSWER OF DEFENDANT H.
                                                 THOMAS MORAN, II, AS COURT-**
              Plaintiff,                         **APPOINTED RECEIVER OF LYDIA**
13       v.                                      **CAPITAL, LLC TO COMPLAINT**
                                                 **FOR DECLARATORY JUDGMENT**
14  H. THOMAS MORAN, II, Court-Appointed
    Receiver of LYDIA CAPITAL, LLC,
15                                               **DEMAND FOR JURY TRIAL**
              Defendant.
16

17

18       Defendant H. Thomas Moran, II, Court-Appointed Receiver of Lydia Capital, LLC,

19  ("Moran") for his Answer to Plaintiff's Complaint for Declaratory Judgment ("Complaint"), avers

20  and states as follows:

21       1.    With respect to paragraph 1 of the Complaint, Moran admits that Plaintiff has brought

22  the instant action seeking declaratory judgment under 28 U.S.C. § 2201. Moran further admits that

23  Lydia Capital, LLC ("Lydia") acquired a beneficial interest in the Trust at issue and is currently in

24  receivership following the initiation of litigation by the United States Securities & Exchange

25  Commission ("S.E.C."). Moran is without sufficient information to admit or deny the remainder of

26  the allegations in paragraph 1 of the Complaint; therefore, the same are denied.

27  / / /

28  / / /

1    **ANSWER TO "PARTIES" ALLEGATIONS**

2        2.        Based upon information and belief, Moran admits the allegations of paragraph 2 of

3    the Complaint.

4        3.        Moran admits the allegations of paragraph 3 of the Complaint.

5    **ANSWER TO "JURISDICTION AND VENUE" ALLEGATIONS**

6        4.        Based upon information and belief, Moran admits that this Court has subject matter

7    jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) as alleged in paragraph 4 of the Complaint.

8        5.        With respect to the jurisdictional allegations of paragraph 5 of the Complaint, Moran

9    admits that Plaintiff has brought this action with respect to property that is within the Lydia

10   Receivership and that the Receivership Court granted Plaintiff leave to file an action concerning the

11   validity of the Policy issued to the Trust.  Moran denies the remainder of the allegations in paragraph

12   5 of the Complaint.

13       6.        Moran denies the allegations of paragraph 6 of the Complaint.

14   **BACKGROUND**

15       7.        Paragraph 7 of the Complaint does not contain factual averments that require a

16   response from Moran.  In the event these general allegations should require a response, Moran is

17   without sufficient information to admit or deny the allegations; therefore, these allegations are

18   denied.

19       8.        Paragraph 8 of the Complaint does not contain factual averments that require a

20   response from Moran.  In the event these allegations should require a response, Moran is without

21   sufficient information to admit or deny the allegations; therefore, these allegations are denied.

22       9.        Paragraph 9 of the Complaint does not contain factual averments that require a

23   response from Moran.  In the event these allegations should require a response, Moran is without

24   sufficient information to admit or deny the allegations; therefore, these allegations are denied.

25       10.       Paragraph 10 of the Complaint does not contain factual averments that require a

26   response from Moran.  In the event these allegations should require a response, Moran is without

27   sufficient information to admit or deny the allegations; therefore, these allegations are denied.

28

11.    Paragraph 11 of the Complaint does not contain factual averments that require a response from Moran. In the event these allegations should require a response, Moran is without sufficient information to admit or deny the allegations; therefore, these allegations are denied.

12.    Paragraph 12 of the Complaint does not contain factual averments that require a response from Moran. In the event these allegations should require a response, Moran is without sufficient information to admit or deny the allegations; therefore, these allegations are denied.

13.    Paragraph 13 of the Complaint does not contain factual averments that require a response from Moran. In the event these allegations should require a response, Moran is without sufficient information to admit or deny the allegations; therefore, these allegations are denied.

14.    Paragraph 14 of the Complaint does not contain factual averments that require a response from Moran. In the event these allegations should require a response, Moran is without sufficient information to admit or deny the allegations; therefore, these allegations are denied.

15.    Paragraph 15 of the Complaint does not contain factual averments that require a response from Moran. In the event these allegations should require a response, Moran is without sufficient information to admit or deny the allegations; therefore, these allegations are denied.

16.    Paragraph 16 of the Complaint does not contain factual averments that require a response from Moran. In the event these allegations should require a response, Moran is without sufficient information to admit or deny the allegations; therefore, these allegations are denied.

17.    Paragraph 17 of the Complaint does not contain factual averments that require a response from Moran. In the event these allegations should require a response, Moran is without sufficient information to admit or deny the allegations; therefore, these allegations are denied.

18.    Based upon information and belief, Moran admits that on or about December 22, 2006, Roy Keith Black submitted an Application to Plaintiff for a $3,000,000.00 life insurance policy. Moran is without sufficient information or belief to admit or deny the remainder of the allegations in paragraph 18 of the Complaint; therefore, these allegations are denied.

19.    Based upon information and belief, Moran admits the allegations in paragraph 19 of the Complaint.

20.    Based upon information and belief, Moran admits the allegations in paragraph 20 of the Complaint.

21.    Based upon information and belief, Moran admits the allegations in paragraph 21 of the Complaint.

22.    Moran is without sufficient information or belief to admit or deny the allegations in paragraph 22 of the Complaint; therefore, these allegations are denied.   Nonetheless, if these allegations are proven by Plaintiff, the information regarding Mr. Black's financial-condition and/or any bankruptcy filing by him was available to Plaintiff before Plaintiff issued the Policy.

23.    Moran is without sufficient information or belief to admit or deny the allegations in paragraph 23 of the Complaint; therefore, these allegations are denied.   Nonetheless, if these allegations are proven by Plaintiff, the information regarding Mr. Black's financial condition and/or any bankruptcy filing by him was available to Plaintiff before Plaintiff issued the Policy.

24.    Moran is without sufficient information or belief to admit or deny the allegations in paragraph 24 of the Complaint; therefore, these allegations are denied.

25.    With respect to the allegations contained in paragraph 25 of the Complaint, Moran admits that Mr. Black indicated in the Application he had not been "involved in any discussion about the possible sell or assignment of the Policy to a life settlement, viatical or secondary market provider", as alleged in paragraph 25 of the Complaint.

26.    Based upon information and belief, Moran admits the allegations in paragraph 26 of the Complaint.

27.    Moran is without sufficient information or belief to admit or deny the allegations in paragraph 27 of the Complaint; therefore, these allegations are denied.

28.    With respect to the allegations in paragraph 28 of the Complaint, Moran admits that on January 28, 2007, Plaintiff issued Life Insurance Policy No. JF5567566, with a total death benefit of $3,000,000.00 on the life of Mr. Black.  Moran is without sufficient information to admit or deny the remainder of the allegations in paragraph 28; therefore, these allegations are denied.

29.    Based upon information and belief, Moran admits the allegations in paragraph 29 of the Complaint.

30.    Moran admits that Lydia acquired a beneficial interest in the Trust, as alleged in paragraph 30 of the Complaint. Based upon information and belief, Moran denies the remainder of the allegations in paragraph 30.

31.    With respect to the allegations of paragraph 31 of the Complaint, Moran admits that the S.E.C. initiated an action and made certain allegations in its Complaint. The S.E.C.'s Complaint speaks for itself and Moran denies any attempt by Plaintiff to characterize the S.E.C.'s allegations as factual averments requiring a response from Moran. Moran further denies that the S.E.C. action or the S.E.C.'s allegations are material to or dispositive of the issues in this case.

32.    With respect to the allegations of paragraph 32 of the Complaint, Moran admits that the S.E.C. initiated an action and made certain allegations in its Complaint. The S.E.C.'s Complaint speaks for itself and Moran denies any attempt by Plaintiff to characterize the S.E.C.'s allegations as factual averments requiring a response from Moran. Moran further denies that the S.E.C. action or the S.E.C.'s allegations are material to or dispositive of the issues in this case.

33.    With respect to the allegations of paragraph 33 of the Complaint, Moran admits that the S.E.C. initiated an action and made certain allegations in its Complaint. The S.E.C.'s Complaint speaks for itself and Moran denies any attempt by Plaintiff to characterize the S.E.C.'s allegations as factual averments requiring a response from Moran. Moran further denies that the S.E.C. action or the S.E.C.'s allegations are material to or dispositive of the issues in this case.

34.    With respect to the allegations of paragraph 34 of the Complaint, Moran admits that the S.E.C. initiated an action and made certain allegations in its Complaint. The S.E.C.'s Complaint speaks for itself and Moran denies any attempt by Plaintiff to characterize the S.E.C.'s allegations as factual averments requiring a response from Moran. Moran further denies that the S.E.C. action or the S.E.C.'s allegations are material to or dispositive of the issues in this case.

35.    With respect to the allegations of paragraph 35 of the Complaint, Moran admits that the S.E.C. initiated an action and made certain allegations in its Complaint. The S.E.C.'s Complaint speaks for itself and Moran denies any attempt by Plaintiff to characterize the S.E.C.'s allegations as factual averments requiring a response from Moran. Moran further denies that the S.E.C. action or the S.E.C.'s allegations are material to or dispositive of the issues in this case.

36.    With respect to the allegations of paragraph 36 of the Complaint, Moran admits that the S.E.C. initiated an action and made certain allegations in its Complaint. The S.E.C.'s Complaint speaks for itself and Moran denies any attempt by Plaintiff to characterize the S.E.C.'s allegations as factual averments requiring a response from Moran. Moran further denies that the S.E.C. action or the S.E.C.'s allegations are material to or dispositive of the issues in this case. .

37.    Moran is without sufficient information or belief to admit or deny the allegations in paragraph 37 of the Complaint; therefore, these allegations are denied.

38.    With respect to the allegations of paragraph 38 of the Complaint, Moran admits that the S.E.C. initiated an action and made certain allegations in its Complaint. The S.E.C.'s Complaint speaks for itself and Moran denies any attempt by Plaintiff to characterize the S.E.C.'s allegations as factual averments requiring a response from Moran. Moran further denies that the S.E.C. action or the S.E.C.'s allegations are material to or dispositive of the issues in this case.

39.    With respect to the allegations of paragraph 39 of the Complaint, Moran admits that the S.E.C. initiated an action and made certain allegations in its Complaint. The S.E.C.'s Complaint speaks for itself and Moran denies any attempt by Plaintiff to characterize the S.E.C.'s allegations as factual averments requiring a response from Moran. Moran further denies that the S.E.C. action or the S.E.C.'s allegations are material to or dispositive of the issues in this case.

40.    With respect to the allegations of paragraph 40 of the Complaint, Moran admits that the S.E.C. initiated an action and made certain allegations in its Complaint. The S.E.C.'s Complaint speaks for itself and Moran denies any attempt by Plaintiff to characterize the S.E.C.'s allegations as factual averments requiring a response from Moran. Moran further denies that the S.E.C. action or the S.E.C.'s allegations are material to or dispositive of the issues in this case.

## ANSWER TO COUNT I

41.    With respect to paragraph 41 of the Complaint, Moran incorporates by reference, as if fully set forth herein, his answer and response to paragraphs 1 through 40 of the Complaint.

42.    Moran is without sufficient information or belief to admit or deny the allegations in paragraph 42 of the Complaint; therefore, these allegations are denied.

43.    With respect to the allegations in paragraph 43 of the Complaint, Moran specifically denies that any misrepresentations, if proven, were either material or relied upon by Lincoln. Moran is without sufficient information or belief to admit or deny the remaining allegations in paragraph 43 of the Complaint; therefore, these allegations are denied.

44.    Moran denies the allegations in paragraph 44 of the Complaint.

## ANSWER TO COUNT II

45.    With respect to paragraph 45 of the Complaint, Moran incorporates by reference, as if fully set forth herein, his answer and response to paragraphs 1 through 44 of the Complaint. Moran further denies the allegations in paragraph 45 of the Complaint.

46.    With respect to the allegations in paragraph 46 of the Complaint, based upon information and belief, Moran admits that Mr. Reyzin completed the sale and/or assignment of a beneficial interest in the Trust on behalf of Dawson, in his capacity as Trustee of the Trust, and that Lydia subsequently acquired the beneficial interest in the Trust. Moran denies that "Lydia engaged in a gamble upon the life of Mr. Black", as alleged. Moran is without sufficient information to admit or deny the remaining allegations in paragraph 46 of the Complaint; therefore, these allegations are denied.

47.    Moran denies the allegations in paragraph 47 of the Complaint.

48.    Moran denies Plaintiff is entitled to any of the relief sought in pages 10 and 11 of the Complaint.

## JURY DEMAND

49.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Moran hereby requests a jury trial in the above-captioned action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As the first, separate and affirmative defense Moran is informed and believes and thereon alleges that Plaintiff's Complaint fails to state a claim against Moran upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

As the second, separate and affirmative defense Moran is informed and believes and thereon alleges that this Court lacks personal jurisdiction over Moran.

**THIRD AFFIRMATIVE DEFENSE**

As the third, separate and affirmative defense Moran is informed and believes and thereon alleges that this judicial district is not a proper venue for this action.

**FOURTH AFFIRMATIVE DEFENSE**

As the fourth, separate and affirmative defense Moran is informed and believes and thereon alleges that Plaintiff's claims are barred, in whole or part, by the doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

As the fifth, separate and affirmative defense Moran is informed and believes and thereon alleges that Plaintiff's claims are barred, in whole or part, by the doctrines of waiver, laches and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

As the sixth, separate and affirmative defense Moran is informed and believes and thereon alleges that Plaintiff has an adequate remedy at law; therefore, an equitable remedy, such as rescission, is inappropriate.

**SEVENTH AFFIRMATIVE DEFENSE**

As the seventh, separate and affirmative defense Moran is informed and believes and thereon alleges that the alleged misrepresentations supporting Plaintiff's claims, if proven, were immaterial.

**EIGHTH AFFIRMATIVE DEFENSE**

As the eighth, separate and affirmative defense Moran is informed and believes and thereon alleges that the alleged misrepresentations supporting Plaintiff's claims, if proven, did not invoke any reliance by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

As the ninth, separate and affirmative defense Moran is informed and believes and thereon alleges that if Plaintiff proves that the alleged misrepresentations supporting Plaintiff's claim were

1  actually made, the facts concerning these matters were known or could have been discovered by

2  Plaintiff.

3  <center>**TENTH AFFIRMATIVE DEFENSE**</center>

4  As the tenth, separate and affirmative defense Moran is informed and believes and thereon

5  alleges that if the parties cannot be restored to their positions prior to the contract, the Policy cannot

6  be rescinded.

7  <center>**ELEVENTH AFFIRMATIVE DEFENSE**</center>

8  As the eleventh, separate and affirmative defense Moran is informed and believes and

9  thereon alleges that Moran expressly reserves the right to assert any additional defenses against

10 Plaintiff's claims that are shown to exist by reason of discovery and/or other proceedings in this case.

11 WHEREFORE, Defendant, H. Thomas Moran, II, Court-Appointed Receiver of Lydia

12 Capital, LLC, respectfully prays for judgment as follows:

13 1.    That Plaintiff, The Lincoln National Life Insurance Company, take nothing by way of

14 its Complaint;

15 2.    That this Honorable Court grant judgment for Defendant and against Plaintiff, The

16 Lincoln National Life Insurance Company, upon Plaintiff's claims;

17 3.    For costs of suit incurred herein; and,

18 4.    For such and other further relief as the Court may deem just and proper.

19 Dated:    April 4, 2008                    **SANDLER, LASRY, LAUBE, BYER**
                                              **& VALDEZ LLP**
20

21
                                   By:    ____s/ Richard M. Valdez____
22                                        Richard M. Valdez
                                          Attorneys for Defendant
23                                        H. Thomas Moran, II, Court-Appointed
                                          Receiver of Lydia Capital, LLC
24

25

26

27

28

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA | COURT USE ONLY |
|---|---|

TITLE OF CASE (ABBREVIATED)

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY v. H. THOMAS MORAN, II, Court-Appointed Receiver of LYDIA CAPITAL, LLC

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS): | TELEPHONE NO.: |
|---|---|
| Richard M. Valdez, Bar No. 156957<br>**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**<br>402 West Broadway, Suite 1700<br>San Diego, CA 92101-3542 | Tel: (619) 235-5655<br>Fax: (619) 235-5648 |

ATTORNEY FOR (NAME): Defendant

| ATTORNEYS FOR:<br>H. THOMAS MORAN, II, Court-Appointed Receiver of LYDIA CAPITAL, LLC | HEARING DATE – TIME | CASE NUMBER:<br>08-CV-00023-IEG-NLS |
|---|---|---|

## PROOF OF SERVICE

  I am a resident of the state of California over the age of eighteen years, and not a party to the within action. My business address is SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP, 402 West Broadway, Suite 1700, San Diego, CA 92101-3542. On April 4, 2008, I served the within documents:

   1.  ANSWER OF DEFENDANT H. THOMAS MORAN, II, AS COURT-APPOINTED RECEIVER OF LYDIA CAPITAL, LLC TO COMPLAINT FOR DECLARATORY JUDGMENT; DEMAND FOR JURY TRIAL

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed as set forth below.

☐ by causing personal delivery by _____ of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Jason P. Gosselin, Esq.         Attorneys for Plaintiff
Heath M. Lynch, Esq.          The Lincoln National Life Insurance Company
DRINKER BIDDLE & REATH LLP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700

  I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on the same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

  Executed on April 4, 2008, at San Diego, California.

☒ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose directions the service was made.

              _____
              Brenda J. Lewis

::odma\pcdocs\docs\19349\1