JASON P. GOSSELIN (admitted *pro hac vice*)
HEATH M. LYNCH (admitted *pro hac vice*)
DRINKER BIDDLE & REATH LLP
One Logan Square
18th & Cherry Streets
Philadelphia, PA 19103-6996
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
Email: Jason.Gosselin@dbr.com
Email: Heath.Lynch@dbr.com

Attorneys for Plaintiff
THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

SHANNON K. EMMONS (admitted *pro hac vice*)
PHILLIPS MCFALL MCCAFFREY MCVAY & MURRAH, P.C.
Corporate Tower, 13th Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
Email: skemmons@phillipsmcfall.com

Attorneys for Defendant
H. THOMAS MORAN, II, AS COURT-APPOINTED RECEIVER OF LYDIA CAPITAL, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>H. THOMAS MORAN, II, Court-Appointed Receiver of LYDIA CAPITAL, LLC,<br><br>Defendant. | Case No. 3:08-CV-00023-IEG-NLS<br><br>**JOINT REPORT OF COUNSEL PURSUANT TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

On April 8, 2008, Plaintiff The Lincoln National Life Insurance Company ("Lincoln") and Defendant H. Thomas Moran, II, as Court-Appointed Receiver of Lydia Capital, LLC ("Moran"), conferred in accordance with Federal Rule of Civil Procedure

26(f), and discussed the nature and bases of the claims and defenses set forth in the pleadings; the possibilities for promptly settling or resolving the case; the timing and disclosures required by Federal Rule of Civil Procedure 26(a)(1); the issues concerning preserving discoverable information; and a proposed discovery plan.

Representing Lincoln at the conference were its attorneys, Jason P. Gosselin and Heath M. Lynch of Drinker Biddle & Reath LLP.  Representing Moran was his attorney, Shannon K. Emmons of Phillips McFall McCaffrey McVay & Murrah, P.C.  Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties herein submit this joint report.

## RULE 26(F) REPORT

**A.   Proposed Changes In the Timing, Form or Requirement for Disclosures Under Rule 26(a); Statement as to When Such Disclosures Will Be Made.**

No changes in the timing, form or requirement for disclosures were proposed or made.  The parties agreed to serve their initial disclosures pursuant to Rule 26(a)(1) on or before April 25, 2008.

**B.   Subjects On Which Discovery May Be Needed; When Discovery Should Be Completed; and Whether Discovery Should Be Conducted in Phases or Be Limited To or Focused Upon Particular Issues.**

This action is one of three pending matters involving policies issued by Lincoln and currently owned by or within the control of Moran.  The other two actions are *The Lincoln National Life Ins. Co. v. H. Thomas Moran, II, as Court-Appointed Receiver of Lydia Capital, LLC,* Case No. 1:07-cv-1140-WCG (E.D. Wis.), and *Lincoln Life and Annuity Company of New York v. H. Thomas Moran, II, as Court-Appointed Receiver of Lydia Capital, LLC*, Case No. 2:08-cv-699-TCP-WDW (E.D.N.Y.).

To minimize expenses, the parties agreed that some coordination of discovery conducted in this action and discovery in the two other pending actions is in the best interests of both parties.  At a later date, the parties expect to file a joint stipulation relative to coordination of discovery.

Set forth below are the parties' respective views and proposals concerning the

intended subjects of discovery.

### 1. **Lincoln**

Lincoln anticipates that discovery will be necessary regarding the following:

(1)   The creation and submission of the application for life insurance on the life of Mr. Roy Black and the circumstances surrounding the same;

(2)   Any and all agreements and information pertaining to any financing of the premiums due under the insurance policy at issue;

(3)   Any and all agreements and information pertaining to the creation of the insurance trust that owns the policy, and any transfer(s) of the beneficial interest in the same;

(4)   Any and all agreements and information regarding any compensation received by Mr. Black; Mr. Anthony Black, the son of Mr. Black; and/or Mr. Dimetri Reyzin, Esq., the original trustee of the insurance trust, in conjunction with the application for and issuance of the policy;

(5)   All other life insurance policies issued by other life insurance companies on the life of Mr. Black

(6)   The financial status and net worth of Mr. Black; and

(7)   The role of SLS West; Dawson & Ozanne; Primerus Management LLC; Lydia Capital; and/or entities not yet known to Lincoln, and their respective principals and/or agents, in the application for, and issuance of, the policy.

### 2. **Moran**

Moran anticipates that discovery will be necessary regarding the following:

(1)   The facts and circumstances regarding the application for and issuance of the subject policy;

(2)   Lincoln's investigation, if any, and knowledge concerning the representations made in connection with the application for the policy at issue;

(3)    Information pertaining to other Lincoln policies that Lincoln believes, or has cause to believe, are IOLI/STOLI policies and the action, if any, taken by Lincoln to

1  rescind or void such policies;

2      (4)    Any and all agreements that Lincoln has with any of the individuals or
3  entities involved in the application for and/or issuance in the policy at issue and
4  information concerning Lincoln's relationship with these individuals and entities;

5      (5)    Information pertaining to the timeliness of Lincoln's actions in seeking
6  rescission and Lincoln's waiver of any rights it would otherwise have to seek rescission
7  of the policy;

8      (6)    Information pertaining to the expenses and costs incurred by Lincoln with
9  respect to the issuance and maintenance of the policy;

10     (7)    Information pertaining to the calculations of any and all premiums paid
11 under the policy;

12     (8)    Any and all other matters pertaining to the claims made by Lincoln in its
13 Complaint for Declaratory Judgment, Moran's Answer to the Complaint, and/or that
14 become known to the parties during the course of this litigation.

15 The parties agreed that discovery should be completed by January 16, 2009.  The
16 parties do not believe it necessary to conduct discovery in phases; neither do they believe
17 discovery should be limited to particular issues.

18 **C.**    **Disclosure and Discovery of Electronically Stored Information; Claims of Privilege or of Protection as Trial-Preparation Materials.**
19

20 The parties will preserve and/or produce electronically stored information, if any,
21 pursuant to applicable procedural rules.

22 **D.**    **Changes in the Limitations on Discovery.**

23 The parties agreed that there is no need to change the limitations on discovery
24 imposed by the Federal Rules of Civil Procedure or the Local Rules for the purposes of
25 discovery in this case.

26 **E.**    **Other Orders Requested to be Issued.**

27 The parties agreed to submit to the Court for its consideration a proposed
28 stipulated protective order regarding the production of confidential and/or proprietary

information and relative to the coordination of discovery.

**F.     Proposed Specific Dates.**

The parties propose the following dates:

| | | |
|---|---|---|
| (1) | Rule 26(a)(1) Disclosures: | April 25, 2008 |
| (2) | Discovery Deadline: | January 16, 2009 |
| (3) | Disclosure of Experts/Reports: | October 17, 2008 |
| (4) | Deadline for Expert Rebuttal Reports: | November 21, 2008 |
| (5) | Dispositive Motion Deadline: | April 17, 2009 |
| (6) | Deadline for Opposition to Dispositive Motions: | May 18, 2009 |
| (7) | Deadline for All Replies to Dispositive Motions: | June 1, 2009 |
| (8) | Pre-Trial Conference: | January 11, 2010 |
| (9) | Trial Date | February 1, 2010 |

Dated: April 22, 2008

Respectfully Submitted,
DRINKER BIDDLE & REATH LLP

/s/ Jason P. Gosselin
JASON P. GOSSELIN (admitted pro hac vice)
HEATH M. LYNCH (admitted pro hac vice)

H. CHRISTIAN L'ORANGE (State Bar No. 71730)
S. FEY EPLING (State Bar No. 190025)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
Email: Christian.Lorange@dbr.com
Email: Fey.Epling@dbr.com

Attorneys for Plaintiff
THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

1  Dated: April 22, 2008					PHILLIPS McFALL McCAFFREY McVAY & MURRAH, P.C.

2

3							/s/ Shannon K. Emmons
							SHANNON K. EMMONS (admitted *pro hac vice*)
4
							Richard M. Valdez (State Bar No. 156957)
5							SANDLER LASRY LAUBE BYER & VALDEZ, LLP
							402 West Broadway, Suite 1700
6							San Diego, CA 92101
							Telephone: (619) 235-5655
7							Facsimile: (619) 235-5648
							Email: rvaldez@sllbv.com
8
							Attorneys for Defendant
9							H. THOMAS MORAN, II, AS COURT-APPOINTED RECEIVER OF LYDIA CAPITAL, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28