Richard M. Valdez, Bar No. 156957
James G. Sandler, Bar No. 067407
**SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**
402 West Broadway, Suite 1700
San Diego, CA 92101-3542
Telephone (619) 235-5655
Facsimile (619) 235-5648
E-mail: rvaldez@sllbv.com
E-mail: jsandler@sllbv.com

Melvin R. McVay, Jr. (admitted *pro hac vice*)
Shannon K. Emmons (admitted *pro hac vice*)
**PHILLIPS McFALL McCAFFREY McVAY & MURRAH, P.C.**
Corporate Tower, 13th Floor
101 North Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 235-4100
Facsimile: (405) 235-4133
E-mail: mrmvay@phillipsmcfall.com
E-mail: skemmons@phillipsmcfall.com

Attorneys for Defendant
H. THOMAS MORAN, II, Court-Appointed
Receiver of LYDIA CAPITAL, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,<br><br>            Plaintiff,<br>     v.<br><br>H. THOMAS MORAN, II, Court-Appointed Receiver of LYDIA CAPITAL, LLC,<br><br>            Defendant. | Case No. 08-CV-0023-IEG-NLS<br><br>**EX PARTE APPLICATION OF DEFENDANT H. THOMAS MORAN, II, COURT-APPOINTED RECEIVER FOR LYDIA CAPITAL, LLC., FOR CONTINUANCE OF EARLY NEUTRAL EVALUATION CONFERENCE AND FOR LEAVE TO ATTEND TELEPHONICALLY** |

Defendant H. Thomas Moran, II, Court-Appointed Receiver of Lydia Capital, LLC, ("the Receiver"), respectfully requests the Court grant a thirty (30) day continuance of the Early Neutral Evaluation conference ("ENE") **currently set for May 19, 2008**, and to allow the Receiver to attend the ENE telephonically. Plaintiff, Lincoln National Life Insurance Company ("Lincoln") does not object to the requested continuance of the ENE. Nor, does Lincoln object to the Receiver's attendance at the ENE by telephone.

In support of this Application, the Receiver submits the following:

**BACKGROUND**

1. Lydia Capital, LLC ("Lydia") is a registered investment advisor to Lydia Capital Alternative Investment Fund ("Lydia Fund"). Lydia Fund was engaged in buying and selling life settlements, *i.e.*, life insurance policies. Lydia Fund purchased life insurance policies in the life settlement aftermarket on insured individuals aged sixty-five (65) or older with a life expectancy of between two (2) and ten (10) years (the "Policies" or "Portfolio").

2. On June 1, 2007, the United States District Court for the District of Massachusetts entered its Order for Appointment of Receiver, appointing H. Thomas Moran, II, as Receiver of Lydia. [Attached hereto as Exhibit 1 is the Order for Appointment of Receiver.]

3. Since his appointment, the Receiver and his staff have worked to accurately determine the state of the receivership assets and the policies comprising the Portfolio. The Receiver is in the process of analyzing over 15,000 documents produced during discovery from various banks, brokers, agents and agencies in order to create precise financial records for each policy in the Portfolio and to trace the transactions and agreements between Lydia and the brokers and agents who handled the Policies comprising the Portfolio.

4. The Receiver is working with the successor trustees of the various life insurance trusts and the applicable insurance companies to facilitate the transfer of ownership and the designated beneficiaries of the various Policies into the receivership. The Receiver is also working on obtaining updated premium information from the insurers and updated medical information on many of the insureds.

5. In addition to his duties in managing the Lydia receivership and the Portfolio, the Receiver is defending nine (9) separate lawsuits, including the instant action, brought by insurers seeking to rescind nine (9) of the Policies. These lawsuits are pending in the New York, Wisconsin, Utah, Arizona and California federal courts. In each of the lawsuits, the insurers are seeking rescission of the Policies at issue.

6. In the present action, Lincoln is seeking to rescind a life insurance policy insuring the life of Roy Black and issued to the Black Irrevocable Trust on January 28, 2007 (the "Black Policy"). Lydia subsequently acquired ownership of the Black Policy.

7. The Receiver has not initiated any lawsuits against Lincoln or the insurance companies that issued any of the Policies.

8. The Receiver is making every effort to streamline the litigation filed by Lincoln and the other the insurers in order to minimize the expense to the Lydia receivership and maximize the return for Lydia's investors.

## FACTS SUPPORTING CONTINUANCE

9. In the present action, the Receiver filed his ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT on April 4, 2008.

10. Pursuant to Fed. R. Civ. Pro. 26, the parties conducted the discovery conference in this action on April 8, 2008.

11. On April 24, 2008, the Receiver served Lincoln with DEFENDANT H. THOMAS MORAN, II'S FIRST SET OF REQUESTS FOR ADMISSIONS, INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF, LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK. Lincoln's discovery responses are due May 24, 2008.

12. The Receiver also issued SUBPOENAS DUCES TECUM to the individuals involved in the procurement of the policy, *i.e.*, the insured, the trustee for the insurance trust that was the original owner of the Black Policy, the trustee of the Black Irrevocable Trust and the agent/broker who sold the Black Policy. The documents requested in SUBPOENAS DUCES TECUM are to be produced on or by May 14, 2008.

13. The parties engaged in numerous and lengthy discussions regarding early resolution of this action. A recurring issue has been Lincoln's position that it is not required to return the premiums that Lydia has paid in order to rescind the Black Policy, but is entitled to deduct expenses it claims to have incurred in connection with the Black Policy. A substantial portion of the discovery issued by the Receiver is directed to Lincoln's assertions on this issue.

14. The parties will be better informed and better able to evaluate the issues after this initial discovery is completed. As such, the Receiver believes that the ENE will be more substantive and have a greater opportunity to resolve the issues if conducted after this discovery is completed.

15. The Receiver anticipates that he and his counsel will need approximately two (2) weeks following the receipt of Lincoln's discovery responses and documents requested by the Receiver, and the documents he has subpoenaed, to review and analyze the information and to prepare for the ENE. Additional time may be needed if any discovery issues arise from Lincoln's responses or with the responses (or lack thereof) from the insured, trustee or agent/broker to the SUBPOENAS DUCES TECUM.

16. Accordingly, the Receiver requests that the Court continue the ENE for thirty (30) days to allow sufficient time to obtain and review the responses to the Receiver's discovery requests.

**FACTS SUPPORTING REQUEST TO ATTEND ENE BY TELEPHONE**

17. Under the terms of the ORDER FOR APPOINTMENT OF RECEIVER, the Receiver has been charged with the duty of conserving the assets of the receivership. [*See* ORDER, Exhibit 1.] The Receiver has a duty to act in the best long-term interests of the Lydia investors. *Id.* These duties require that the Receiver make every effort to conserve the funds of the receivership and to curtail expenses.

18. The Receiver is located in Oklahoma City. To attend the ENE in person, he would be required to spend two (2) days from the business of the receivership. Furthermore, the receivership, and ultimately Lydia's investors, would bear the cost of the Receiver's travel expenses.

19. To save the receivership and the investors these expenses, the Receiver requests that he be allowed to attend the ENE by telephone.

20. If allowed to attend telephonically, the Receiver would ensure that he is available during the entirety of the ENE and that no other matters would interfere with his attendance.

21. The Receiver's counsel will attend the ENE in person and will make all necessary arrangements for the Receiver's attendance telephonically.

1     WHEREFORE, Defendant, H. Thomas Moran, II, Court-Appointed Receiver for Lydia Capital, LLC, requests that the Court enter an Order continuing the Early Neutral Evaluation thirty (30) days and granting the Receiver leave to attend the Early Neutral Evaluation by telephone.

Dated:    May 7, 2008                        **SANDLER, LASRY, LAUBE, BYER & VALDEZ LLP**

                                             By:     s/ Richard M. Valdez
                                                          Richard M. Valdez
                                                          Attorneys for Defendant
                                                          H. Thomas Moran, II, Court-Appointed
                                                          Receiver of Lydia Capital, LLC