# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SECURITIES AND EXCHANGE COMMISSION, :

Plaintiff, :

LYDIA CAPITAL, LLC,
GLENN MANTERFIELD, and
EVAN ANDERSEN,

Defendants. :

Case No. 07-cv-10712-RGS

~~[PROPOSED]~~ ORDER FOR APPOINTMENT OF RECEIVER

Having considered the unopposed emergency motion by Plaintiff Securities and
Exchange Commission ('Commission') for appointment of a receiver and Defendants Lydia
Capital, LLC ('Lydia'), Glenn Manterfield ('Manterfield') and Evan Andersen ('Andersen' and,
collectively, 'Defendants') having had an opportunity to be heard and finding there is good cause
for the motion,

IT IS HEREBY ORDERED that:

I.    The Commission's motion for appointment of a receiver is allowed and H.
Thomas Moran, II of the Heritage Group, 521 W. Wilshire, Suite 200, Oklahoma
City, Oklahoma is appointed as Receiver of Lydia in accordance with the
following provisions of this Order;

II.   The Receiver is hereby authorized, empowered and directed to:

A.    take and retain immediate possession, custody and control of the funds,
assets, monies, securities, contracts, notes, bank accounts, safe deposit
boxes, negotiable and non-negotiable instruments or documents of title,
choses in action and properties, real, if any, and personal, tangible and

I hereby certify on 6/5/07 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on
☒ original filed in my office on 6/1/07
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

intangible, of whatever kind and description, wherever situated, of Lydia, and of all other entities which Lydia either owned, controlled or benefited from (including, but not limited to, Lydia Capital Alternative Investment Fund LP) including without limitation, the accounts established by Lydia on behalf its investors (the "Lydia Client Accounts"), as well as all property of whatsoever nature, whether real or personal, tangible or intangible, which has been acquired with or through funds or proceeds of Lydia (hereinafter "Receivership Assets");

B.    take all steps the Receiver deems necessary to conduct an inventory of the assets and liabilities of Lydia and Lydia Capital Alternative Investment Fund LP;

C.    take all steps the Receiver deems necessary to reconstruct the histories of the Lydia Client Accounts to determine whether and how client funds have been dissipated;

D.    take all steps the Receiver deems necessary to secure and protect the Receivership Assets, including all assets and property of Lydia and Lydia Capital Alternative Investment Fund LP;

E.    promptly provide written notice of this Order to all current and former clients of Lydia ("Lydia Clients"). Service of a copy of this Order shall be deemed sufficient notice;

F.    have access to and take control of all books, records, papers and other documents of Lydia and Lydia Capital Alternative Investment Fund LP,

including all computers, computer files, on-site and off-site backup files, backup disks, other electronic storage material and websites;

G.    have control of, and be added as an authorized signatory for, all accounts of Lydia and Lydia Capital Alternative Investment Fund LP at any bank, brokerage firm, insurance company or financial institution having possession, custody or control of any assets, accounts or funds of Lydia and Lydia Capital Alternative Investment Fund LP, wherever situated;

H.    after prior consultation with the staff of the Boston Regional Office of the Commission, institute, prosecute, defend, compromise, adjust, intervene in, or become party to such legal or equitable actions, claims or proceedings or anticipated legal or equitable actions, claims or proceedings on behalf of Lydia and Lydia Capital Alternative Investment Fund LP, as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

I.    after prior consultation with the staff of the Boston Regional Office of the Commission, defend, compromise or settle such legal or equitable actions, claims or proceedings or anticipated legal or equitable actions, claims or proceedings on behalf of Lydia and Lydia Capital Alternative Investment Fund LP, as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

J.    receive and collect any and all sums of money due and/or owing to Lydia or Lydia Capital Alternative Investment Fund LP and make or authorize such payments and disbursements from the funds and assets taken into

3

control or thereafter received by the Receiver, engage in or authorize such transactions, incur or authorize the incurrence of such expenses, and make or authorize the making of such agreements, as the Receiver deems necessary and appropriate to carry out the Receiver's mandate pursuant to this Order;

K.   In connection with the exercise of these powers, liquidation of any, or all, of the assets of Lydia or the Lydia Capital Investment Fund LP shall be undertaken, if at all, with due regard for the best long-term interests of investors in the Fund;

L.   engage and employ persons in his discretion and in consultation with the Boston Regional Office of the Commission to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, attorneys, accountants and appraisers;

M.   have access to, including rights to receive, open and review all mail of Lydia and Lydia Capital Alternative Investment Fund LP; and

N.   file on a timely basis all relevant federal, state, and local tax returns and take any and all other steps required by such taxing authorities.

III.   Title to all Receivership Assets and other property belonging to Lydia and/or Lydia Capital Alternative Investment Fund LP, including, but not limited to, all real or personal property, all contracts and all rights of action, whether located within or without this state, is hereby vested in the Receiver;

IV.   All persons, including banks, brokerage firms, financial institutions, insurance companies and other business entities having possession, custody or control of

4

any Receivership Assets including all assets, funds or accounts in the name of or for the benefit of Lydia and Lydia Capital Alternative Investment Fund LP shall cooperate expeditiously in the granting of control and authorization as a necessary signatory as to said assets, funds or accounts to the Receiver;

V.    All persons, including creditors, banks, insurance companies, investors or others, having actual notice of this Order are enjoined, for the duration of the receivership, from in any way disturbing the Receivership Assets or proceeds of the receivership and from prosecuting or maintaining actions or proceedings or enforcing judgments which involve the Receiver or which affect the property of Lydia and Lydia Capital Alternative Investment Fund LP, except with the permission of this Court. Such persons are further stayed from using self-help, including without limitation, any form of setoff, or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property owned by or in the possession of the Receivership Assets or the Receiver, wheresoever situated. Such persons are further stayed from attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with any of the Receivership Assets or any entity controlled by them;

VI.    Defendants, all officers, agents, servants, employees, attorneys-in-fact and shareholders of Defendants, and all other persons who are in possession, custody or control of any assets, books, records or other property of Lydia and

Lydia Capital Alternative Investment Fund LP shall forthwith give access to and control of such assets, books, records or property to the Receiver, and shall forthwith grant to the Receiver authorization to be a signatory as to all accounts at banks, brokerage firms or financial institutions having possession, custody or control of any assets or funds in the name of or for the benefit of Lydia and Lydia Capital Alternative Investment Fund LP;

VII.    Defendants shall not, whether acting by themselves or by and through others, transact any of the business of, or purport to take any action in the name of or on behalf of Lydia and Lydia Capital Alternative Investment Fund LP, excuse debts owing to Lydia and Lydia Capital Alternative Investment Fund LP, take, use, conceal or divert any of Lydia's and Lydia Capital Alternative Investment Fund LP's assets or documents, or otherwise impair or dispose of Lydia's and Lydia Capital Alternative Investment Fund LP's assets or documents;

VIII.   The Receiver is not required to post a bond or give an undertaking of any type in connection with his duties and obligations pursuant to this Order;

IX.     The Receiver shall have the authority to issue subpoenas to compel testimony of persons or production of records consistent with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Massachusetts, concerning any subject matter related to the discharge of the Receiver's duties, including but not limited to the identification, preservation, collection and/or liquidation of Receivership Assets;

X.      The Receiver is required to exercise good faith business judgment in fulfilling his duties and responsibilities pursuant to this Order. The Receiver is entitled to rely

on all outstanding rules of law and court orders, and shall not be liable to anyone for his own good faith compliance with any order, rule, law, judgment, or decree. The Receiver shall not be liable for complying with the orders of this Court. In no event shall the receiver be liable to Lydia and Lydia Capital Alternative Investment Fund LP or anyone else for any action taken or omitted to be taken in compliance with the terms and provisions of this Order, except upon a finding by this Court that the Receiver acted or failed to act as a result of misfeasance, bad faith, gross negligence, fraud, or in reckless disregard of his duties;

XI.    The Receiver shall pay from the assets of Lydia and Lydia Capital Alternative Investment Fund LP all reasonable costs, fees, taxes and other expenses (including fees relating to persons employed by the Receiver in connection with this receivership) incurred in the performance of his duties,    and    shall    be compensated for services rendered by himself and other Heritage Group partners at an hourly rate not to exceed $195, for services rendered by partners of legal counsel, Phillips McFall McCaffrey McVay and Murrah at an hourly rate not to exceed $225, and for services rendered by associates of Phillips McFall McCaffrey McVay and Murrah at any hourly rate not to exceed $185. The Receiver shall be compensated from the funds in his custody; provided, however, that before paying any such fees: (i) the Receiver must provide all fee applications (detailing all time and expenses claimed and the nature of the services performed) to counsel for the Commission for review and approval as to reasonableness ten days prior to submission for Court approval; and (ii) the Receiver must obtain approval of payment of the fees and expenses from this

Court, which shall review such fees and expenses for reasonableness in determining whether, in its discretion, such payment will be approved;

XII.    The Receiver may be removed at any time by the Court and replaced with a successor. In the event the Receiver decides to resign, he shall first give written notice to the parties and the Court of his intention, and his resignation shall not be effective until the Court has appointed a successor. The Receiver shall then follow such instructions as his successor or the Court gives him in turning over custody and control of the Receivership Assets;

XIII.    Every sixty (60) days from the date of this order within the calendar year 2007 and every ninety (90) days thereafter, the Receiver shall file a Report with the Court summarizing his activities, providing an accounting of the funds, assets and property in his possession, and reporting on the status of any legal claims. The Receiver shall also include in the Report an application to the Court for an order approving the payment of all reasonable fees and expenses, as provided in paragraph XI. The Receiver shall serve a copy of the Report on counsel for the Commission and on counsel for the defendants or directly on any defendant who may be proceeding *pro se* at the time. In addition, the Receiver shall every thirty (30) days orally report to counsel for the Commission on all fees and expenses incurred during the prior thirty (30) day period;

XIV.    The Receiver shall communicate with the investors in the Lydia Capital Alternative Investment Fund LP by way of circulating to them the Reports required by Section XIII of this Order and in such additional manner as he, in his discretion, deems appropriate;

8

XV.    Upon the request of the Receiver, the United States Marshal's Office is hereby
ordered to assist the Receiver in carrying out his duties to take possession,
custody, or control of or identify the location of, any Receivership Assets. The
Receiver is authorized to remove any person from any premises or real estate, if
any, constituting a Receivership Asset that attempts to interfere with the Receiver,
his attorneys or agents in the performance of their duties. The Receiver is further
authorized to change any locks, passwords or other security mechanisms with
respect to any premises or other assets that constitute Receivership Assets.

XVI.    Within forty-five (45) days of the completion of his duties pursuant to this Order,
the Receiver shall file a Notice of Termination and Request for Discharge Order
seeking discharge by the Court from his responsibilities as Receiver herein. The
Notice of Termination and Request for Discharge Order shall include a final
report, summarizing all of the Receiver's activities, providing a final accounting of
the funds, assets and property in his possession, including all Receivership Assets,
and reporting on the final disposition of any legal claims;

XVII.    The provisions of this Order shall remain in full force and effect until further
order of the Court. The Court may, upon application of the Commission, the
Receiver or the Defendants, amend, expand and/or clarify this Order. The Court
shall retain jurisdiction of this action for all purposes, including, without
limitation, enlarging or restricting the activities of the Receiver and the extent of
the Receivership Assets.

9

DONE AND ORDERED this ___1ST___ day of May 2007.

RICHARD G. STEARNS
UNITED STATED DISTRICT JUDGE

10